# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| **Plaintiff,** | | **8:25CR20** |
| vs. | | **FINDINGS AND RECOMMENDATION and ORDER** |
| **JEREMY NANCE,** | | |
| **Defendant.** | | |

This matter is before the Court on the Motion to Quash Superseding Indictment (Filing No. 63), the Motion for Grand Jury Transcript (Filing No. 64), and the Motion for Order Allowing Deposition (Filing No. 65), filed by Defendant, Jeremy Nance.  Nance filed a "Memo" in support of the Motion to Quash Superseding Indictment (Filing No. 66).  The government filed a brief opposing all three motions.  (Filing No. 72).

The Court held a status hearing on December 12, 2025.  Defendant was present with his attorney, James R. Kozel.  The Government was represented by Assistant United States Attorney, Kathryn A. Pflug.  The Court provided Nance with leave to file a reply brief, which he filed on January 26, 2026.  On January 28, 2026, counsel for Defendant filed an Amended Motion for Leave to File an Amended Reply Brief, requesting that he be provided until February 6, 2026, so his client could write a brief in support of these motions.  (Filing No. 76).  Defendant submitted a "Supplement" directly to the Court on January 30, 2026, which the Court will consider to the extent appropriate.  (Filing No. 79; Filing No. 80).  The matter is now deemed fully submitted.  For the following reasons, the undersigned magistrate judge recommends that Defendant's Motion to Quash be denied, and orders that Defendant's Motion for Grand Jury Transcript and Motion for Order Allowing Deposition be denied.

## BACKGROUND

According to the parties' briefs,[1] on or about July 3, 2024, Nance and his codefendant, Sherman Wade ("Wade"), walked into the parking lot of the U.S. Bank located at 8905 Maple

---

[1] The Court did not hold an evidentiary hearing on these motions, and the parties did not otherwise file any evidence in connection with these motions; thus, the Court only sets forth the facts as stated in the parties' briefs for purposes of ruling on these motions.

Street, Omaha and waited for a bank employee to arrive.  Around 8:45 a.m. a female employee ("Victim 1") of the bank arrived at the bank's parking lot.  As Victim 1 approached the building, Nance and Wade confronted her in the parking lot with a firearm and forced her to go inside the bank to the teller area.  Nance and Wade directed Victim 1 to open the bank vault, but she replied she could not do so on her own as it takes two employee codes to open the vault.  Nance and Wade waited until a male bank employee, Victim 2, arrived at the bank.  Wade and Nance put Victim 2 on the ground and zip tied his hands behind his back after discovering he did not have the code to the vault.  When Victim 3, a second male employee, entered the bank, Wade and Nance forced him to open the bank vault using his own code and Victim 1's employee code, and then proceeded to fill a large duffle bag with cash.  Nance and Wade then fled the bank using Victim 3's vehicle.

On February 18, 2025, the grand jury returned an Indictment charging Wade with bank robbery in violation of 18 U.S.C. §§ 2113 (a), (d), (e), and (2), and with use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A).  (Filing No. 1 in Case No. 8:25cr20-JFB-MDN-1).  On February 21, 2025, Nance was charged with bank robbery by criminal complaint.  (Filing No. 1 in case 8:25cr20-JFB-MDN-2).  On March 18, 2025, the Grand Jury returned a two-count Superseding Indictment charging both Wade and Nance with bank robbery in violation of 18 U.S.C. §§ 2113 (a), (d), (e), and (2) (Count I), and with use of a firearm during and in relation to a crime of violence and 924 (c)(1)(A) and (2), punishable under 18 U.S.C. § 924(c)(1)(C) (Count II).[2]  (Filing No. 19).

Nance has now filed motions to quash the Superseding Indictment, to take Wade's deposition, and for a copy of the grand jury transcript.  (Filing Nos. 63-65). Nance requests that the Superseding Indictment be "quashed" due to preindictment delay and because he believes that certain information given to the jury was inaccurate. Specifically, he believes the grand jury received evidence that he exchanged 36 cell phone calls with Wade between 12:01 a.m. and 8:12 a.m. on the morning of the bank robbery, when in fact the discovery from the Government shows he made a total of 12 calls between the hours of 12:48 a.m. and 3:12 a.m. on the morning of the robbery.  Relatedly, Nance requests production of the grand jury transcript because he believes it is necessary to prove that there was a misrepresentation of that evidence to the jury.  Finally, Nance moves for a court order to take a deposition of his codefendant, Wade, contending Wade "has provided information to the Government that will likely be used in the trial against the Defendant,"

---

[2] Wade has since entered a guilty plea.  (Filing Nos. 57-60).

2

and that such deposition is necessary to prepare for trial and to support his motion to quash. (Filing No. 65).

## ANALYSIS

### I.    Defendant's Motion to Quash

Nance seeks to "quash" the Superseding Indictment based upon his belief that the Government presented evidence to the grand jury that Nance had 36 cell phone calls with Wade between "12:01 a.m. till 8:12 a.m." on the morning of the bank robbery, although the Government's discovery shows there were only 12 cell phone calls between Nance and Wade between "12:48 a.m. to 3:12 a.m." on the morning of the bank robbery. (Filing No. 63 at p. 1; Filing No. 66 at p. 1). Nance contends this misstatement to the grand jury justifies a dismissal of the Superseding Indictment and the case. Nance asserts that under the Fifth Amendment, "the evidence must be credible and corresponding to the discovery provided to the Defendant." (Filing No. 66 at p. 2). The Government counters that the precise number of phone calls between Nance and Wade presented to the grand jury is "immaterial" because there is other competent material to sustain the charges, including his codefendant's statements, DNA evidence, and video surveillance. (Filing No. 72 at pp. 5-6).

As an initial matter, although Nance's motion seeks to "quash" the Superseding Indictment, the undersigned magistrate judge construes it as a motion to dismiss due a defect in instituting the prosecution under Rule 12 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim P. 12(b)(3)(A). Motions to dismiss for a defect in instituting the prosecution, including "an error in a grand jury proceeding," or "preindictment delay" "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(ii) and (v). "[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Fenner*, 600 F.3d 1014, 1021 (8th Cir. 2010) (quoting *United States v. Hintzman*, 806 F.2d 840, 843 (8th Cir.1986)). "Dismissal is an "extreme remedy . . . and is inappropriate absent a showing of actual prejudice." *Id.* (internal citation omitted).

"[M]isstatements or mistakes [to the grand jury] alone do not justify the dismissal of an otherwise valid charge." *United States v. Moore*, 184 F.3d 790, 794 (8th Cir. 1999) (citations omitted). A defendant must show the "misstatements were material." *Id.* (denying motion to

dismiss indictment despite officer mistakenly testifying to the grand jury that the defendant and his ex-wife, a coconspirator, were married, and that the defendant and his ex-wife gave another coconspirator a key to a storage room on their property). "As long as there is some other competent evidence to sustain the charge, the charge should not be dismissed." *Id.*

Here, the undersigned magistrate judge finds that Nance's allegations that there were "misstatements" regarding the precise number of phone calls made between Nance and Wade is immaterial to the offense charged. First, regardless of whether the grand jury heard there were 36 calls between Nance and Wade between the hours of 12:01 a.m. and 8:12 a.m., by Nance's own admission, he still engaged in 12 calls with Wade between "12:48 a.m. to 3:12 a.m., on the very morning of the bank robbery. The charges in the Superseding Indictment allege that Nance and Wade aided and abetted each other in the bank robbery. So, whether Nance engaged in 36 calls over 8 hours or 12 calls over 2.5 hours, engaging in numerous calls in a concentrated period of time in the middle of the night with Wade hours before the bank robbery supports the allegations that Nance aided and abetted in the bank robbery with Wade. Moreover, phone calls were not the only evidence presented to the grand jury. Additional competent evidence supports the present charges, including DNA evidence, Wade's testimony, and video surveillance footage. Therefore, the undersigned magistrate judge recommends that Nance's motion to "quash" or dismiss the Superseding Indictment be denied on the basis that the grand jury heard misleading evidence regarding the number of phone calls between Wade and Nance.

Nance also argues the Superseding Indictment should be dismissed due to preindictment delay because the bank robbery occurred on July 3, 2024, but he was not first charged in the criminal complaint until February 21, 2025, (Filing No. 1), and the Superseding Indictment was not returned until March 18, 2025, (Filing No. 19). Nance argues this seven-and-a-half-month delay in bringing formal charges prevented him from contacting potential alibi witnesses in violation of the Due Process Clause of the Fifth Amendment.[3]   (Filing No. 66 at p. 2). The Government counters that the seven-and-a-half-month period between the bank robbery and the

---

[3] In addition to stating preindictment delay violates the Fifth Amendment, in Defendant's Memo he also states, "The Sixth Amendment right to a speedy trial may not be invoked preindictment unless the defendant is arrested." (Filing No. 66 at p. 2). While it is unclear whether or not Defendant is actually asserting a Sixth Amendment violation due to preindictment delay, a defendant's Sixth Amendment right to a speedy trial is not implicated by preindictment delay because "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused'." *United States v. Stierwalt*, 16 F.3d 282, 284 (8th Cir. 1994) (citation omitted).

return of the Superseding Indictment is not an "unreasonable pre-indictment delay," and that Nance has not met his burden to show substantial and actual prejudice to his defense because Nance did not identify any specific witness or what details that witness could have provided. (Filing No. 72 at pp. 6-7).

"The Due Process Clause of the Fifth Amendment protects a criminal defendant against unreasonable pre-indictment delay." *United States v. Lewis*, 146 F.4th 621, 629 (8th Cir. 2025) (citation omitted).  A defendant who claims a due process violation for preindictment delay "must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him." *Id.*; *see also United States v. Jackson*, 446 F.3d 847, 849-50 (8th Cir. 2006); *United States v. Sprouts*, 828 F.3d 1037, 1041 (8th Cir. 2002).  "To satisfy this burden, the defendant must identify specific witnesses or documents lost during the delay and the information they would have provided." *Jackson*, 446 F.3d at 851 (citing *United States v. McDougal*, 133 F.3d 1110, 1113 (8th Cir. 1998)).  The defendant must also "show that the missing testimony or information is not available through other sources." *Id.* (citing *United States v. Bartlett*, 794 F.2d1285, 1289 (8th Cir. 1986)).  "Alleged prejudice is insufficient to establish a due process violation if it is insubstantial, speculative, or premature." *Id.* (citing *United States v. Grap*, 368 F.3d 824, 829 (8th Cir. 2004)).  "It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time." *Lewis*, 146 F.4th at 629.

Here, Nance has not offered anything other than speculation supporting his assertion that he was prejudiced by preindictment delay.  Nance asserts the delay prevented him "from contacting possible alibi witnesses who would remember the whereabouts of the Defendant at the time of the crime."  However, Nance did not identify any specific witness, nor has he explained why the witness might be unavailable to him or what information was lost.  Without specifics, Nance's assertion of possible prejudice from preindictment delay is merely speculative. *See, e.g.*, *Jackson*, 446 F.3d at 851 (concluding the defendant failed to make a sufficient showing of actual prejudice resulting from preindictment delay because he "did not show with specificity any particular exculpatory computer file that may have been destroyed or any specific witness who had forgotten some important detail.").  Because Nance has only offered conclusory and speculative assertions

5

of prejudice, the undersigned magistrate judge recommends that his motion to dismiss the Superseding Indictment due to preindictment delay be denied.

### II.   Defendant's Request for Grand Jury Transcript

Nance has also filed a motion seeking a copy of the grand jury transcript based upon his "belie[f]" the grand jury was misled by hearing about an inflated number of phone calls he had with Wade, which is a basis for his motion to quash as discussed above.   (Filing No. 64).  The Government objects to Nance's motion because he has not established sufficient basis or articulated a particularized need to justify his request for the grand jury transcript.  (Filing No. 72 at pp. 7-8).

A court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  However, because "[i]t has long been recognized that 'the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings,'" a defendant must also make a showing of "particularized need" for grand jury materials.  *United States v. McDougal*, 559 F.3d 837, 840-41 (8th Cir. 2009) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Northwest,* 441 U.S. 211, 218 (1979)).  "In order to demonstrate a 'particularized need,' a party must show that the request for disclosure is: (1) required to avoid possible injustice in a different judicial proceeding, (2) greater than the need for continued secrecy, and (3) specifically directed at the material required."  *Id.* at 841.  "[A] bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement.'"  *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (quoting *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994)).

Here, Nance failed to make a showing of particularized need warranting the disclosure of the grand jury transcript.  Similar to Nance's argument regarding his motion to quash, he only speculates that the grand jury heard false or misleading evidence that he shared 36 cell phone calls with Wade between "12:01 a.m. till 8:12 a.m." on the morning of the bank robbery, while the Government's discovery shows there were 12 cell phone calls between Nance and Wade between "12:48 a.m. to 3:12 a.m." But, even if the grand jury transcript did reflect that the grand jury heard information about 36 phone calls, as discussed above, regardless of whether Nance engaged in 36 calls over 8 hours or 12 calls over 2.5 hours, engaging in numerous calls in a concentrated period

6

of time in the middle of the night with Wade hours before the bank robbery supports the allegations that Nance aided and abetted in the bank robbery with Wade.  Wade is seeking the grand jury transcript to determine "if there may be a defect in the grand jury process," which does not satisfy the particularized need requirement.  See *Broyles*, 37 F.3d at 1318.  Because Nance has not made any showing of particularized need for the grand jury transcript, the Court denies his motion for disclosure of the grand jury transcript.

### III.   Defendant's Motion for Order Allowing Deposition

Nance requests permission to take the deposition of his co-defendant, Wade, because Wade has provided the Government with information that Nance predicts will be used against him at trial.  (Filing No. 66).  The Government argues that Nance has not presented exceptional circumstances justifying taking a deposition.  (Filing No. 72 at p. 8).

Under Federal Rule of Criminal Procedure 15(a)(1), "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a)(1).  To establish the exceptional circumstances required under Rule 15, the movant "must show the witness's unavailability and the materiality of the witness's testimony."  *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006).  The "principal objective" of Rule 15 is "the preservation of evidence for use at trial . . . It is not to provide a method of pretrial discovery."  *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977).

Nance has failed to meet his burden of showing exceptional circumstances exist warranting taking Wade's deposition under Rule 15.  Wade has pled guilty, and the Government asserts he will testify at trial.[4]  Nance only states the deposition is necessary because Wade has "provided information to the Government that will likely be used in the trial against Defendant" and that Defendant "requires this deposition to properly prepare for trial[.]"  (Filing No. 65).  It is apparent Nance's request to depose Wade is a request for pretrial discovery, not preservation of testimony that will be unavailable at trial.  Because Rule 15's primary purpose is to preserve evidence for

---

[4] In the Government's brief it states the "case agent that the defendant is seeking to depose will testify at trial," although the Court assumes the reference to "case agent" rather than "co-defendant" is scrivener's error.  (Filing No. 72 at p. 8).

use at trial and is not a method of pretrial discovery, Nance's motion requesting to take the deposition of Wade is denied.

Upon consideration,

**IT IS ORDERED:**

1.    Defendant's Motion for Grand Jury Transcript (Filing No. 64) is denied;

2.    Defendant's Motion for Order allowing Deposition (Filing No. 65) is denied; and

**IT IS HEREBY RECOMMENDED** to Joseph F. Bataillon, Senior United States District Judge, that Defendant's Motion to Quash Superseding Indictment (Filing No. 63) be denied.

Dated this 6th day of February, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's order or findings and recommendation by filing a statement of objections within fourteen (14) days after being served with the order and findings and recommendation.  The party must specify the parts of the order and findings and recommendation to which the party objects and the legal basis of the objections. Failure to timely object may constitute a waiver of any objection.

8