IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiffs, | | **8:25CR20** |
| vs. | | |
| JEREMY NANCE, | | **ORDER** |
| Defendant. | | |

This matter comes before the Court on the Order and Findings and Recommendation issued by Magistrate Judge Nelson (Filing No. 81) recommending denying Defendant's motion to quash (Filing No. 63) and denying Defendant's motions for grand jury transcript (Filing No. 64) and for deposition (Filing No. 65); Defendant's objection to the order and findings and recommendation, Filing No. 84; and the United States' response to the objection, Filing No. 85. The Court overrules the objection and adopts the Magistrate Judge's Findings and Recommendations in full, denying the motion to quash accordingly.

## I.    BACKGROUND

The grand jury returned a superseding indictment charging Nance and a co-defendant with bank robbery and use of a firearm. Filing No. 19. Nance moved to quash the superseding indictment due to preindictment delay and because the jury was given inaccurate information. Nance believes the grand jury received evidence that he and the co-defendant exchanged 36 calls between 12:01 a.m. and 8:12 a.m. the morning of the robbery, while police reports only support that the pair exchanged 12 calls between 12:48

1

a.m. and 3:12 a.m.  Nance also argues the superseding indictment should be dismissed because of an unreasonable pre-indictment delay of seven and a half months.

Nance also filed a motion seeking a copy of the grand jury transcript (Filing No. 64) to support his motion to quash and seeking to depose his co-defendant (Filing No. 65) who he believes will testify against him at trial.  The Magistrate Judge denied both motions.  Nance objected to the denial of his motion for grand jury transcript and motion for deposition and also objected to the Magistrate Judge's findings and recommendation that his motion to quash the superseding indictment be denied.

## II.    ANALYSIS

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation on a dispositive matter to which the Defendant has objected.  *See also* NECrimR 59.2.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1)(C).

Under 28 U.S.C. § 636(b)(1)(A), the Court may reconsider objected-to portions of a Magistrate Judge's order on a non-dispositive matter only where the order is clearly erroneous or contrary to law.

### B.  Findings and Recommendation on Motion to Quash

Nance moved to quash the indictment based on inaccurate information regarding the number of phone calls presented to the grandy jury and unreasonable preindictment

2

delay.  The Magistrate Judge construed it as a motion to dismiss due to a defect in instituting the prosecution under Fed. R. Crim. P. 12(b)(3)(A).  *See* Filing No. 81 at 3–4.

### 1.  *Inaccurate Information Presented to Grand Jury*

"[M]isstatements or mistakes [to the grand jury] alone do not justify the dismissal of an otherwise valid charge." Filing No. 81 at 3 (quoting *United States v. Moore*, 184 F.3d 790, 794 (8th Cir. 1999)).  Magistrate Judge Nelson found that the precise number of phone calls between the codefendants and the exact time frame of such calls were immaterial because either scenario "supports the allegations that Nance aided and abetted in the bank robbery with" the codefendant.  *Id.* at 4.  He also noted that there was ample other evidence supporting the charges, including DNA evidence, the codefendant's testimony, and video surveillance footage.  *Id.* at 4.  Accordingly, Magistrate Judge Nelson recommends denying the motion to quash to the extent it is premised on inaccurate information being presented to the grand jury.

Nance objects to this finding and recommendation, arguing the volume and timing of the calls were key to the grand jury's indictment and DNA evidence can be unreliable. Filing No. 84 at 3–6.  The Court agrees with Magistrate Judge Nelson that any discrepancies in the number and time frame of phone calls between the codefendants would not undermine the presumption of regularity of the grand jury proceedings, especially in light of the other evidence supporting the charges.

### 2.  *Unreasonable Preindictment Delay*

Nance also move to dismiss the indictment because seven and a half months elapsed between the robbery and the superseding indictment.  Magistrate Judge Nelson

3

recommended denying the motion to dismiss in this regard because Nance did not point to any specific evidence or witnesses lost due to the delay. Filing No. 81 at 5.

"A defendant who claims a due process violation for preindictment delay 'must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him.'" Filing No. 81 at 5 (quoting *United States v. Lewis*, 146 F.4th 621, 629 (8th Cir. 2025)). Defendant's objection once again references the loss of "potential alibi witnesses" and again fails to address the lack of actual and substantial prejudice. Filing No. 84 at 7. Accordingly, the Court adopts the Magistrate Judge's findings and recommendation and denies the motion to quash.

### C. Order Denying Motion for Grand Jury Transcript

Nance filed a motion seeking a copy of the grand jury transcript based on his assertion that the grand jury was presented with inaccurate information regarding the number and timing of phone calls between the co-defendants. Filing No. 64.

A defendant must make a showing of "particularized need" for grand jury materials. *United States v. McDougal*, 559 F.3d 837, 840-41 (8th Cir. 2009). The Magistrate Judge denied this motion because Nance's request did not show particularized need since the number of phone calls did not affect the validity of the superseding indictment as explained above.

Nance objects to the denial of his motion for grand jury transcript, arguing he has shown a need for the transcript to prove his motion to quash. Filing No. 84 at 9. Given its conclusion to deny the motion to quash, the Court finds no clear error or mistake of law in Magistrate Judge Nelson's order denying the motion for grand jury transcript.

### D. Order Denying Motion to Depose

Lastly, Nance filed a motion seeking to depose his codefendant because the codefendant is likely to testify at trial. Magistrate Judge Nelson noted that the purpose of Rule 15 discovery is "the preservation of evidence for use at trial . . . It is not to provide a method of pretrial discovery." Filing No. 81 at 7 (quoting *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977). Because Nance had not shown a need to preserve the codefendant's testimony for trial, the Magistrate Judge denied the motion.

Nance objects, arguing a deposition would clarify the codefendant's testimony and ensure effective cross-examination. Filing No. 84 at 9. These are classic examples of pretrial discovery, not preservation of evidence, and the Court accordingly finds no clear error or mistake of law in Magistrate Judge Nelson's order denying the motion for deposition.

## III.   CONCLUSION

The Court adopts the Magistrate Judge's findings and recommendations in full and overrules Defendant's objections to the order. To the extent the government's response can be construed as a motion, the Court treats it as a request to adopt the Magistrate Judge's rulings and grants it.

IT IS ORDERED:

1. The Court adopts the Magistrate Judge's Findings and Recommendation and affirms his Order, Filing No. 81, in full.

2. Defendant's Motion to Quash, Filing No. 63, is denied.

3. Defendant's Objection to the Magistrate Judge's Findings and Recommendation and Order, Filing No. 84, is overruled.

4.  Plaintiff's Response, Filing No. 85, treated as Motion to Adopt and Affirm the Magistrate Judge's Findings and Recommendation and Order, is granted.

Dated this 25th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge